THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **REMY KUSH,**<br><br>Plaintiff,<br><br>v.<br><br>**EVAN J. VICKERS, GREGORY H. HUGHES, SPENCER COX, and GARY HERBERT,**<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 2:24-cv-00564-RJS-JCB<br><br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

    This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Pro se Plaintiff Remy Kush ("Mr. Kush") has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] Before the court is Mr. Kush's complaint, which names as defendants Evan J. Vickers, a member of the Utah State Senate; Gregory H. Hughes, a member of the Utah State House of Representatives; Spencer Cox, Governor of the State of Utah; and Gary Herbert, former Governor of the State of Utah (collectively, "Defendants").[3] As demonstrated below: (1) to the extent Mr. Kush asserts any official-capacity claims against Defendants for declaratory relief for past actions, those claims should be dismissed without prejudice sua sponte for lack of subject-matter jurisdiction because

---

[1] ECF No. 6.

[2] ECF No. 13.

[3] ECF No. 1.

Defendants are entitled to Eleventh Amendment immunity from those claims; and (2) Mr. Kush's official-capacity claim against Defendants for prospective relief should be dismissed with prejudice under the authority of the IFP Statute for failure to state a claim upon which relief can be granted.

## BACKGROUND

Mr. Kush's complaint names Defendants in their official capacities.[4] Although Mr. Kush purports to bring claims under 42 U.S.C. § 1983, he fails to identify any of his federal statutory or constitutional rights that have been violated.[5] Mr. Kush alleges that the "Utah Medical Cannabis Act is a violation of United States Highest & Charter laws in many ways[,] including those pertaining to privacy and private property (rites) rights."[6] Mr. Kush further alleges that "[s]ince [the Utah Medical Cannabis Act] has been instituted, I have been unable to secure my seizure medications within state boundaries and have had to travel over 25,000 miles (more than once around the Earth) just to secure vegetable oil sold over the counter in most surrounding states."[7] Finally, Mr. Kush alleges that "[t]he stress of this has caused me thousands of seizures and loss of work, sleep, and regular habits like eating."[8] As for his injuries, Mr. Kush contends that he has "suffered thousands of seizures & sleep/weight loss due to this very sad and illegal piece of legislation."[9] With respect to relief, Mr. Kush does not request any monetary damages,

---

[4] *Id*. at 2-3

[5] *Id*. at 3.

[6] *Id*. at 4.

[7] *Id*.

[8] *Id*.

[9] *Id*. at 5.

but he asks the court to "[p]lease do the right thing and help"[10] and asserts that "I would like this piece of legislation removed so that I can grow this vegetable and life saving essential medicine on my own private property."[11]

## ANALYSIS

As shown below: (I) to the extent Mr. Kush asserts any official-capacity claims against Defendants for declaratory relief for past actions, those claims should be dismissed without prejudice sua sponte for lack of subject-matter jurisdiction because Defendants are entitled to Eleventh Amendment immunity from those claims; and (II) Mr. Kush's official-capacity claim against Defendants for prospective relief should be dismissed with prejudice under the authority of the IFP Statute for failure to state a claim upon which relief can be granted. Each issue is addressed in turn.

**I. To the Extent Mr. Kush Asserts Any Official-Capacity Claims Against Defendants for Declaratory Relief for Past Actions, Those Claims Should Be Dismissed Without Prejudice Sua Sponte for Lack of Subject-Matter Jurisdiction Because Defendants Are Entitled to Eleventh Amendment Immunity from Those Claims.**

Defendants are entitled to Eleventh Amendment immunity from any of Mr. Kush's claims for declaratory relief for past actions,[12] which requires dismissal without prejudice for lack of

---

[10] *Id*. at 4.

[11] *Id*. at 5.

[12] The court is permitted to raise the issue of Eleventh Amendment immunity sua sponte. *U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008) (providing that "a court may raise the issue of Eleventh-Amendment immunity sua sponte but, unlike subject-matter jurisdiction, it is not obligated to do so").

subject-matter jurisdiction.[13] "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court."[14] "To assert Eleventh Amendment immunity, a defendant must qualify as a state or an arm of a state."[15] When claims are asserted against a state official in his or her "official capacity, [the state official] may also assert Eleventh Amendment immunity as an arm of the state."[16] The Eleventh Amendment bars claims for monetary damages and declaratory relief for past actions when those claims are asserted against a state, an arm of a state, or a state official acting in his or her official capacity.[17] An effective assertion of Eleventh Amendment immunity deprives a court of subject-matter jurisdiction.[18]

With respect to the limited exceptions noted above, the United States Court of Appeals for the Tenth Circuit has "recognized two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity. A state may also waive its Eleventh Amendment immunity and consent to be sued."[19]

---

[13] *Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) (providing that "[b]ecause Eleventh Amendment immunity is jurisdictional," the dismissal of any claims based upon such immunity must be without prejudice).

[14] *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002); *see also Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009) ("The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state.").

[15] *Ruiz*, 299 F.3d at 1180 (citation modified).

[16] *Id.* (citation modified).

[17] *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004).

[18] *Harris v. Owens*, 264 F.3d 1282, 1288 (10th Cir. 2001).

[19] *Ruiz*, 299 F.3d at 1181 (citation modified).

Defendants are all unquestionably arms of the State of Utah for purposes of the Eleventh Amendment and, thus, are entitled to assert Eleventh Amendment immunity. Additionally, neither primary exception to the application of Eleventh Amendment immunity applies here. The first exception does not apply because Congress did not abrogate the states' Eleventh Amendment immunity when it enacted section 1983.[20] The second exception is likewise inapplicable because the State of Utah has not waived its Eleventh Amendment immunity.[21] Therefore, to the extent Mr. Kush asserts any official-capacity claims against Defendants for declaratory relief for past actions, those claims are barred by the Eleventh Amendment. Consequently, those claims should be dismissed without prejudice for lack of subject-matter jurisdiction.

## II. Mr. Kush's Official-Capacity Claim Against Defendants for Prospective Relief Should Be Dismissed with Prejudice Under the Authority of the IFP Statute for Failure to State a Claim Upon Which Relief Can Be Granted.

Although any of Mr. Kush's claims against Defendants for declaratory relief for past actions are barred by the Eleventh Amendment, Mr. Kush could still state an official-capacity claim against Defendants under section 1983 pursuant to the *Ex parte Young* exception to Eleventh Amendment immunity.[22] That exception, which "applies only to individual defendants,"[23] permits a plaintiff to seek prospective injunctive relief for an ongoing violation of

---

[20] *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998).

[21] *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999) ("We have previously held that Utah has not waived its Eleventh Amendment immunity by statute.").

[22] 209 U.S. 123, 156-160 (1908).

[23] *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214 (10th Cir. 2019).

federal law in a suit against a state official acting in his or her official capacity.[24] As demonstrated below, Mr. Kush's official-capacity claim against Defendants for prospective relief should be dismissed with prejudice under to the authority of the IFP Statute for failure to state a claim for relief.

      Whenever the court authorizes a plaintiff to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[25] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[26] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to

---

[24] *Kentucky v. Graham,* 473 U.S. 159, 167 (1985) (providing that "official-capacity actions for prospective relief are not treated as actions against the State" for purposes of Eleventh Amendment immunity); *Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998) ("[A] suit against a state official in his or her official capacity seeking prospective injunctive relief is not considered a suit against the state for Eleventh Amendment purposes."); *Missbach v. Holmes*, No. 2:23-cv-722-TC, 2024 WL 2111670, at *3 (D. Utah May 10, 2024) (stating that the *Ex parte Young* exception "provides that a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief" (citation modified)); *Amann v. Off. of Utah Att'y Gen.*, No. 2:18-cv-00341-JNP-DAO, 2021 WL 3931390, at *11 (D. Utah Sept. 2, 2021) ("Unlike § 1983 claims for money damages, official-capacity actions for prospective relief are not treated as actions against the State. Known as the *Ex parte Young* exception, it permits a plaintiff to seek prospective injunctive relief for a violation of federal law in a suit against a state official in his or her official capacity." (citation modified)).

[25] 28 U.S.C. § 1915(e)(2)(B)(ii).

[26] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

relief that is plausible on its face.'"[27] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[28] "[I]n examining a complaint under Rule 12(b)(6), [the court] disregard[s] conclusory statements and look[s] only to whether the remaining, factual allegations plausibly suggest the defendant is liable."[29]

    Before dismissing a pro se plaintiff's complaint under the IFP Statute for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[30] Indeed, "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend.'"[31]

    In analyzing Mr. Kush's complaint, the court is also mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[32] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[33] and the court "will not supply additional facts, nor will

---

[27] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[28] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[29] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

[30] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (providing that before dismissing a pro se plaintiff's complaint for failure to state a claim, "the district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").

[31] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

[32] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[33] *Id*.

[it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[34] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[35]

For the following reasons, Mr. Kush's official-capacity claim against Defendants for prospective relief should be dismissed with prejudice under the authority of the IFP Statute for failure to state a claim upon which relief can be granted. First, Mr. Kush fails to make any connection between Defendants and his request to have the Utah Medical Cannabis Act repealed. Indeed, he does not allege—nor could he—that Defendants could grant the relief he seeks. Second, and more importantly, Mr. Kush fails to allege that Defendants committed any violation of federal law, let alone an ongoing one. Without such an allegation, Mr. Kush cannot state a plausible official-capacity claim against Defendants for prospective relief. Therefore, Mr. Kush's official-capacity claim for prospective relief fails to state a claim for relief.

---

[34] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[35] *Hall*, 935 F.2d at 1110 (citations omitted).

Further, providing Mr. Kush with an opportunity to amend his complaint would be futile because it does not appear that he could make any additional, plausible allegations that would save his claim from dismissal under the analysis set forth above. Consequently, under the authority of the IFP Statute, Mr. Kush's official-capacity claim against Defendants for prospective relief should be dismissed with prejudice.

### RECOMMENDATION

For the reasons stated above, the court HEREBY RECOMMENDS:

1. To the extent Mr. Kush asserts any official-capacity claims against Defendants for declaratory relief for past actions, those claims be DISMISSED WITHOUT PREJUDICE sua sponte for lack of subject-matter jurisdiction because Defendants are entitled to Eleventh Amendment immunity from those claims.

2. Mr. Kush's official-capacity claim against Defendants for prospective relief be DISMISSED WITH PREJUDICE under the authority of the IFP Statute for failure to state a claim upon which relief can be granted.

### NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[36] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[37] Failure to object may constitute waiver of objections upon subsequent review.

---

[36] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[37] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

DATED this 30th day of July 2025.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge